UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Magdalena Kulisz and Shahar Kenan,

Plaintiff(s),

-against-

The City of New York,

Defendant(s).

Case No. 1:26-cv-00981 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On June 16, 2026, Plaintiffs Magdalena Kulisz and Shahar Kenan filed a request for a PACER fee exemption, which was subsequently docketed on July 2, 2026. *See* Dkt. 23. For the reasons set forth below, Plaintiffs' PACER Request is GRANTED.

"To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system." *Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513 (JMA) (AYS), 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015). PACER fees are set forth in the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the United States Courts. *See* Electronic Public Access Fee Schedule, U.S. COURTS (Dec. 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule ("Fee Schedule").

Generally, users are charged a fee of 10 cents per page (up to a maximum of 30 pages) for accessing docketing, case documents, transcripts or reports on PACER. *See id.* No fee is charged for accessing judicial opinions and any information or documents viewed at a courthouse public access terminal. *Id.* There is also an automatic fee exemption for *pro se* litigants. *Id.* ("Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.").

Courts may exercise their discretion to grant additional exemptions, but the party seeking a discretionary exemption "must demonstrate that an exemption beyond the four automatic exemptions is necessary . . . to avoid unreasonable burdens and to promote public access to information." *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99 (S.D.N.Y. 2014) (internal quotation marks omitted). Examples of individuals that a court may consider for a PACER fee exemption include those who are indigent. *See* Fee Schedule.

Here, Plaintiffs, who are proceeding *in forma pauperis*, have represented that they are "currently displaced/in shelter and do not have the ability to pay PACER fees at this time," thus establishing that they are indigent. Dkt. 23. They have also demonstrated that their PACER search privileges have been disabled due to nonpayment. *See* Dkts. 23, 23-1. The Court accordingly finds that Plaintiffs fall within the class of PACER users eligible for a fee exemption and that they have demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information. *See In re Club Ventures Invs. LLC*, 507 B.R. at 99. Accordingly, Plaintiffs' PACER Request is GRANTED.

Plaintiffs shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court with respect to the above-captioned case. Plaintiffs shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiffs and is valid only for the purposes stated above.
2. This fee exemption does not apply to any other SDNY case.[1]

[1] Plaintiffs' filing also requests a PACER fee exemption in the following cases in this District that are not assigned to the undersigned: (1) *Kulisz v. PayPal*, 25-CV-10846 (AT) (SLC); (2) *Kulisz v. The City of New York*, 25-CV-10303 (JMF) and (3) *Kulisz v. The City of New York*, 26-

3. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system.
4. By accepting this exemption, Plaintiffs agree not to sell for profit any data obtained as a result of receiving this exemption.
5. Plaintiffs are prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.
6. This exemption is valid retroactively from January 28, 2026, the date on which Plaintiffs filed their complaint, Dkt. 1, until the date on which this case is closed.

This exemption may be revoked at the discretion of the Court at any time. The Clerk of Court is directed to terminate Dkt. 23 and send a copy of this Order to the PACER Service Center. As Plaintiffs previously consented to receive electronic notice via the ECF system, *see* Dkt. 3, there is no need to mail a copy of this Order to Plaintiffs.

Dated: July 8, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge

CV-1082 (LTS). *See* Dkt. 23. This Court will only address the case before it and the exemption granted here does not apply to any other case in this District.