UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ and SHAHAR KENAN

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

26-CV-0981 (JLR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiffs, who are appearing without a lawyer (pro se), bring this action under 42 U.S.C. § 1983, alleging that the City of New York and members of the NYPD violated Plaintiffs' Fourth and Fourteenth Amendment rights when they searched and seized Plaintiffs' apartment during a wellness check on January 17, 2025. (*See generally* ECF 1, Compl.) By order dated February 5, 2026, the Court granted Plaintiffs' requests to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* ECF 11, Order.)

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).[1]

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiffs to effect service on Defendants PO Rubenia Canas, Tax Registry No. 976507; LT Alexander Avdic, Tax Registry No. 950033; PO Anthony Mehale, Tax Registry No. 974342; and PO Tiffany Moran, Tax Registry No. 975040 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

**CONCLUSION**

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for PO Rubenia Canas, Tax Registry No. 976507; LT Alexander Avdic, Tax Registry No. 950033; PO Anthony Mehale, Tax Registry No. 974342; and PO Tiffany Moran, Tax Registry No. 975040 and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

DATED: July 20, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**